### COMMISSIONER OF INTERNAL REVENUE v. STRAUB.
#### No. 5540.

Circuit Court of Appeals, Third Circuit.
Feb. 27, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. P. Jackson, Sp. Assts. to the Atty. Gen., for petitioner.

John Weld Peck, of Cincinnati, Ohio, and H. B. McCawley and Warren W. Grimes, both of Washington, D. C., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case we have a close family business which had accumulated a large surplus and was desirous of gradually liquidating its assets and going out of what had once been a highly prosperous, but was now a losing, business. The Commissioner determined the payments made to the taxpayer shareholder constituted dividends and not partial liquidation. On appeal, the Tax Board held with the taxpayer, and the Commissioner took this appeal.

Without reciting the details of the case, it suffices to say the pertinent facts found and the ruling of the Tax Board are summarized by it as follows: "The evidence, in our opinion, establishes that the distribution of 1928 was made in partial liquidation of the corporation's capital stock. This is true notwithstanding the fact that the method was that of reducing the face value of each outstanding share and not that of reducing the number of outstanding shares. There is ample evidence that from 1924, when Moser and several of the experienced employees died, the business declined; that the stockholders were conscious of the decline and were directing the activities of the corporation toward winding up the business with a mimimum loss; while the business continued in operation, its scope was steadily narrowed. That it was not immediately discontinued is not, as respondent contends, necessarily an indication that liquidation was not taking place. Gossett v. Commissioner (C. C. A.) 59 F.(2d) 365. It is entirely consistent with a purpose to liquidate that the corporation and its management should continue the operation of the business as long as there was a reasonable justification for their judgment that this was the wisest course. It is entirely compatible that the resolution of December 17, 1928, should correctly designate the dis-

tribution as a 'liquidating dividend of 90 per cent,' and at the same time recite that the $360,000 was not necessary in the operation of the business, for it is apparent that such business operations as were sought to be protected were those involved in most successfully winding it up."·

We are satisfied there was evidence before the Board to justify its finding of fact that the money received by the taxpayer was a partial liquidation, and no error was committed by the Tax Board in so holding. Its order is therefore affirmed.